LENOIR CITY v. J. L. BOGGS.

Eastern Section.   December 19, 1931.

Petition for Certiorari denied by Supreme Court, March 5, 1932.

Smith, Carlock & Poore, of Knoxville; and M. G. Goodwin, of Lenoir City, for appellant.

Lee, Price, McDermott & Meek, of Knoxville, for appellee.

THOMPSON, J.   This is a suit by Lenoir Ctiy to recover paying assessments and to have the same declared a lien, etc., on property abutting and fronting on the improved street and belonging to J. L. Boggs.  The improvement district (No. 8) was created, the improvements made and the tax assessed, etc., under and pursuant to the provisions of Chapter 18 of the First Extra Session of 1913.

On the final hearing the Chancellor decreed in favor of the City, and Boggs has filed the record for writ of error and has assigned errors.

Boggs insists that the bill in this cause failed to describe any particular tracts of land and that the attachment was therefore void and that no lien could be declared on his land.  The bill alleged that pursuant to said Act the city created Improvement District No. 8 within its corporate limits and composed of a certain section of said city, to-wit:

"Second Avenue from the crossing or intersection of Kingston Street north the length of same around Magnet Point connecting with Third Avenue; thence Third Avenue south to the crossing or intersection of Kingston Street," etc.

It then alleged that Boggs owned property fronting on said dis-

trict or street. It then described said property as follows:

"Lying and being in the town of Lenoir City, Second Civil District of Loudon County, Tennessee, said property being within the corporate limits of said city and described as follows:

"One certain Lot or parcel of land lying and being on the South side of East Second Avenue and fronting fifty feet on said street. The deed to same being recorded in the Registers Office Loudon County, Tennessee, in deed Book— Page —."

It described the other tract as follows:

"A second lot or parcel of land in said Improvement District No. 8, to-wit:

"Lying and being in the town of Lenoir City, Loudon County, Tennessee, abutting on the above mentioned Improvement District as follows:

"Lying and being on the South side of East Second Avenue and fronting 765 feet on said street. See deed of J. L. Boggs registered in Deed Book No.——— Page—— Register's Office, Loudon County, Tennessee."

On the final hearing the Chancellor permitted the complainant to amend its bill so as to allege "that the property of the defendant, James L. Boggs, included in said Improvement District and abutting on the streets included therein, and upon which said assessments were made, is acreage property and in one tract, which is more particularly described as follows:" Then followed a full and complete description by metes and bounds.

The attachment which had been issued and levied at the beginning of the suit described the property as follows:

"A certain lot or tract of land situated in the town of Lenoir City, Tennessee, being in Block # 29, Lots 17-18, situated on the South side of East Second Avenue, fronting fifty feet on said Avenue.

"Tract #2. Situated in said town of Lenoir City, being in Block # 30, and known as the "Grove," lying on the South side of East Second Avenue and fronting 765 feet on said street."

The final decree fixing the lien, etc., used the same description contained in said amendment.

We think it was within the discretion of the Chancellor to permit the amendment, and that the pleadings and record as a whole describe the property with sufficient definiteness and certainty.

It is also insisted that there is no showing that the certified copies of the deeds to Boggs which the city filed in evidence and from which the description used in the amendment and in the decree was taken covered the property meant to have been assessed by the city. The stipulation of counsel about these deeds was as follows:

"In this cause the complainant offered in evidence copies of deeds of J. L. Boggs which contain description of the property alleged

to have been assessed against said defendant in this cause. It was agreed that no objections would be made as to the form or manner in which said evidence was offered, but said deeds were excepted to on the ground that the evidence was incompetent, irrelevant and inadmissible for materiality alone, because such evidence cannot be used or offered to correct or change the alleged assessment involved herein and can have no bearing on the issues in this cause.''

We think this amounted to an admission on the part of the defendant that the deeds correctly described the property sought and meant to be assessed, and that defendant merely made the question that they could not be looked to, to cure and make valid an assessment which he insisted was void because his property had not been sufficiently described in said assessment.

The main insistence of the defendant is that nowhere in the assessment was any property of his sufficiently described, and therefore that no valid and enforceable assessment was ever made against any property of his.

The ordinance creating Improvement District No. 8 within the corporate limits of Lenoir City composed of a certain section of said City, described it as follows:

''Second Avenue from the crossing or intersection of Kingston Street north the length of same around Magnet Point connecting with Third Avenue; thence Third Avenue south to the crossing or intersection of Kingston Street,'' etc.

Section 3 of said ordinance was as follows:

''Section 3. Be it further ordained, that the City Engineer is directed to make a complete and accurate survey of all that part of said Street hereinbefore mentioned and described and he shall forthwith prepare the necessary drawings, plans profiles and specifications and carefully estimate the cost of providing a complete pavement, including all curbings, gutters, etc., necessary to make a complete asphalt, asphaltic concrete, brick concrete, oil asphalt wood block or other permanent pavement on said Street. Said profiles and specifications shall include street intersections and spaces in front of alleys or alley ways, and the estimates shall be so prepared as to show the cost of doing each separate piece of work, that is the grading, subgrading, curbing, guttering, sewerage and paving. Said specifications when completed shall be placed on file in his office at the City Hall when the property owners affected by such improvements may see and examine the same and shall be made in accordance with and contain all the provisions in reference to the letting and construction of said improvement required by said Act referred to (meaning Chapter 18, First Extra Session of 1913) whether the same is especially mentioned in the ordinance or not.''

At this point we pause to quote from the opinion of the Supreme

Court in City of Rockwood v. C. N. O. & T. P. Ry. Co., 160 Tenn., 31-38, as follows:

"After letting the contract, the only thing to be done is to apportion the cost of the improvement. The basis of the apportionment is fixed, the cost of the improvement is ascertained, *the plans and drawings furnish the necessary information as to the footage of each piece of property,* and there is nothing left but to compute the amount of each assessment, which is a ministerial act involving neither the exercise of judgment nor discretion." (Italics ours.)

A pamphlet containing the specifications and proposal sheet of Improvement District No. 8 was filed in evidence, but the drawings and plans which the Engineer prepared and placed on file in his office were not filed in evidence. However, there is nothing in the record to indicate that said plans and drawing did not correctly disclose the location of Mr. Boggs' property and its footage on the street.

A photo-stat copy of the assessment roll of Improvement District No. 8, which was in the Special Assessment Book, was introduced in evidence. We quote it down to and including Mr. Boggs' assessment, as follows:

| "Name | Front Ft. | Intersection Ft. | Amount |
|---|---|---|---|
| "Elizabeth & Addie Byrum | 142.5 | 0 | $ 413.31 |
| "J. M. Hair | 142.5 | 0 | 413.31 |
| "Mrs. Jennie Boggs | 142.5 | 242.5 | 569.31 |
| "Harvey Sands | 0 | 50 | 32.07 |
| "S. F. Carroll | 142.5 | 192.5 | 537.25 |
| "W. T. Richey | 0 | 50 | 32.07 |
| "Mrs. McAllister | 0 | 50 | 32.07 |
| "Mrs. Maude Douphit | 89.0 | 239 | 411.74 |
| "R. H. Browder | 63.5 | 63.5 | 225.12 |
| "F. A. Weiss | 75 | 75 | 265.88 |
| "J. L. Boggs | 50 | 50 | 177.25 |
| "J. L. Boggs | 765 | 1050 | 2894.80" |

With the exception of photo-stat copies of some record pages which show nothing material, the City Treasurer and Tax Collector testified that the above quoted assessment roll was the only record in his office of any assessment against Mr. Boggs' property, and that there was in his office no other record of any assessments or descriptions of property in connection with such assessments against any property of Mr. Boggs.

It will be observed that the above quoted assessment roll or portion thereof does not quite fully comply with Section 8 of said Act of 1913, which is, in part as follows:

"Sec. 8. Be it further enacted That after the legislative body shall have levied said assessments against the property abutting upon such

street, highway, avenue or alley, the said City Clerk or person designated shall deliver such assessments to Tax Collector of said city, who shall enter same in a well-bound book, styled "Special Assessments Book," which book shall be so ruled as to conveniently show:

"(1) Name of owner of such property.

"(2) The number of lot or part of lot and the plan thereof, if there be a plan.

"(3) The frontage of said lot and the depth thereof.

"(4) The amount that has been assessed against such lot.

"(5) The amount of such installment and the date on which installment shall become due."

We have read the opinion in Mayor & Aldermen of Morristown v. King & Wife, 79 Tenn., 670, which involved an ordinary assessment for municipal taxation, but in our opinion the assessment involved in the cause at bar was not void for lack of description. We think that the record as a whole shows that the Act of 1913, was substantially complied with.

The minutes of the meeting of April 24, 1923, of the Council and property owners abutting upon and along Improvement District No. 8, show that Mr. Boggs filed a protest in writing, but what the ground or grounds of this protest was or were does not appear either from said minutes or from the record in this cause. Mr. Boggs did not appeal to the Circuit Court from the action of the Council in overruling and disallowing his protest. The record in this cause does not indicate that Mr. Boggs' property was assessed any more than its pro rata, or that any other error, mistake or injustice was done him.

We think the fair inference from the record is that Mr. Boggs is trying, on a technicality, to avoid the payment of an assessment which he ought to pay.

The judgment of the trial court will be affirmed, with costs.

Portrum and Snodgrass, JJ., concur.